UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON TARBET, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TELEFLEX, LLC., a foreign corporation,<br><br>Defendant. | Case No.<br><br>(King County Case<br>No.: 22-2-01426-1 SEA)<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Teleflex LLC ("Teleflex") hereby removes the above-referenced action from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington, Seattle Division.

## I.    NATURE AND DESCRIPTION OF CASE

1.    On January 27, 2022, Plaintiff Shannon Tarbet ("Plaintiff") filed a Complaint in the Superior Court of the State of Washington, King County against Teleflex.

2.    Teleflex was served with the Summons and Complaint on January 28, 2022. As required by LCR 101(b), a true and accurate copy of Plaintiff's Complaint and Summons are attached to this Notice as Exhibits A, C.

NOTICE OF REMOVAL - 1 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

3.    In this litigation, Plaintiff alleges claims against Teleflex for violations of the Washington Law Against Discrimination ("WLAD") RCW 49.60, *et seq*.

4.    Specifically, Plaintiff alleges that Teleflex violated the WLAD because it "created a hostile work environment based upon sex"; "Plaintiff's sex was a substantial factor in [Teleflex's] adverse treatment of Plaintiff which constituted a constructive termination of her employment"; "Plaintiff's complaints about discriminatory treatment by [Teleflex's employee] were a substantial factor in her constructive termination of employment"; and "Plaintiff's sex was a substantial factor in [Teleflex's] failure to promote the Plaintiff." Ex. A, ¶¶ 34-37.

5.    Plaintiff seeks the following relief:

   a.    "That this case be tried by a jury;

   b.    That Plaintiff be awarded actual damages to compensate for the emotional injuries that she has suffered resulting from Defendant's conduct;

   c.    That Plaintiff be awarded actual damages to compensate for the economic loss, lost benefits and other economic damages that she suffered resulting from Defendant's conduct;

   d.    That Plaintiff be awarded prejudgment and post-judgment interest;

   e.    That Plaintiff be awarded her reasonable attorney's fees and costs related to the case; and

   f.    That this Court grant Plaintiff such additional relief as it sees fit and just."

*Id*., Prayer for Relief.

6.    All additional records and proceedings in the state court are attached as Exhibits B, D, E, F, H, I, and J. To the best of Teleflex's knowledge and belief, no further pleadings, process, orders, or other documents have been filed, served, or issued in this case as of this date. No responsive pleading has been filed by Teleflex. A copy of the state court docket sheet, as of February 25, 2022, for the matter removed to this Court is attached as Exhibit G.

NOTICE OF REMOVAL - 2 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

7.      As stated in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Teleflex has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.      JURISDICTION AND BASIS FOR REMOVAL

8.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

9.      Removal to this Court is proper under 28 U.S.C. § 1441(a) as the court form which this case was removed, the Superior Court of the State of Washington for King County, is within the jurisdiction of the U.S. District Court for the Western District of Washington, Seattle Division. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

**A.      This Notice of Removal is timely.**

10.      Plaintiff filed her Complaint in state court on January 27, 2022. *See* Ex. A. Plaintiff served Teleflex with the Summons, Complaint, Case Assignment Area Designation and Case Information Cover Sheet on January 28, 2022. *See* Exs. A, B, C, and D.

11.      Because this Notice of Removal is being filed within 30 days of the earliest date of service as required by 28 U.S.C. § 1446(b), removal is timely. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

12.      No previous notice of removal has been filed.

13.      Teleflex has filed this Notice of Removal with this Court, is contemporaneously serving a copy of the Notice of Removal upon counsel for Plaintiff, and is filing a copy of this Notice of Removal in the Superior Court of the State of Washington for King County pursuant to 28 U.S.C. § 1446(d). A true and accurate copy of the Notification of Filing of Notice of Removal filed in state court is attached as Exhibit H.

NOTICE OF REMOVAL - 3 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**B.    Basis for Diversity Jurisdiction.**

14.    Pursuant to 28 U.S.C. § 1332(a), the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a).

15.    Upon information and belief, Plaintiff is a United States citizen domiciled in Woodinville, Washington. *See* Ex. A, ¶4.

16.    Teleflex is a Delaware LLC and has its principal place of business in Morrisville, North Carolina. *See id*. ¶5. For purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The members of Teleflex LLC are Teleflex General Partner LLC (a Delaware LLC with its principal place of business in Wayne, PA) and Teleflex Life Sciences Limited (a Malta limited company with its principal place of business in Malta). Teleflex General Partner LLC's sole member is Teleflex Life Sciences Limited.

17.    Complete diversity of citizenship exists in this matter under 28 U.S.C. § 1332 because Plaintiff is a citizen of Washington and Defendant is not a citizen of Washington.

18.    Teleflex expressly disputes any liability to Plaintiff for either monetary or equitable relief, under any claim, and expressly disputes that Plaintiff's Complaint state a claim upon which relief can be granted or otherwise presents a justiciable controversy. Solely for purposes of this Notice of Removal, and no other, Teleflex establishes that the amount in controversy exceeds the minimum $75,000 based on the allegations of the Complaint but does not thereby admit or acknowledge the allegations of the Complaint or that it is liable to Plaintiff for monetary or equitable relief.

19.    According to the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Based on the allegations of Plaintiff's Complaint, Teleflex satisfies this threshold here. Specifically, Plaintiff

NOTICE OF REMOVAL - 4 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

alleges actual damages to compensate for emotional injuries, actual damages to compensate her for the economic loss, lost benefits, and other economic damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs. Ex. A, Prayer for Relief.

a. At the time Plaintiff alleged she was constructively discharged, Plaintiff's salary with Teleflex exceeded $75,000 per year. Thus, based on an assumption that a jury would award one year of front pay as of an estimated trial date one year in the future, Ms. Tarbet's economic damages would exceed $75,000 if she is successful on her claim, not considering any emotional damages. *See Matthiesen v. Autozone Stores, Inc.*, No. 2:15-CV-0080-TOR, 2015 U.S. Dist. LEXIS 69932, at *7 (E.D. Wash. May 29, 2015) (using a trial date over one year in the future); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) (recognizing that a reasonable estimate of future damages, including future income loss, may be included as part of the amount in controversy at the time of removal).

b. Emotional distress damages are properly considered when calculating the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1034 (N.D. Cal. 2002). Although Teleflex denies that Plaintiff is entitled to any non-economic damages, Plaintiff's assertion of emotional distress due to sex discrimination and retaliation might give rise to substantial damages. *See, e.g.*, *Forbes v. ABM Indus., Inc.*, 127 Wn. App. 1003, 2005 Wash. App. LEXIS 1650, at *27 (Wash. Ct. App. Apr. 21, 2005) (affirming jury award of $1,625,975 for emotional distress in disability discrimination, hostile work environment, and retaliation case); *Johnson v. Albertsons LLC*, No. 2:18-01678-RAJ, 2020 U.S. Dist. LEXIS 117070, at *13 (W.D. Wash. July 2, 2020) (remitting non-economic damages award to $200,000 in retaliation case.). Plaintiff does not specify an amount for such damages; but she likely is seeking in excess of $75,000 in emotional distress damages alone.

NOTICE OF REMOVAL - 5 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

c. Plaintiff requests attorneys' fees under Wash. Rev. Code § 49.48.030. When an underlying statute authorizes an award of attorneys' fees, those fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In evaluating the jurisdictional amount, district courts have considered attorneys' fees that have been incurred, and that may reasonably be anticipated to accrue, during the remainder of the action. *See, e.g., Vasquez v. Arvato Digital Services, LLC,* No. CV-11-02836-RSWL, 2011 U.S. Dist. LEXIS 69154, at *9 (C.D. Cal. June 27, 2011) (stating the inclusion of "unspecified future attorneys' fees, not merely those already incurred at the time of removal, is proper because such fees necessarily accrue until the action is resolved") (internal citation omitted); *Brady,* 243 F.Supp. 2d at 1011 n.4 (recognizing that future attorneys' fees likely to accrue may be included in the amount in controversy at the time of removal). Attorneys' fees will accrue for Plaintiff and it is fair to assume that if this matter proceeds to trial those fees may exceed $75,000.

20.    Based on the foregoing, the amount placed in controversy by Plaintiff's Complaint exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs.

## II.    NOTICE

21.    Pursuant to 28 U.S.C. § 1446(d), Teleflex will give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the state court.

## III.    EXHIBITS TO NOTICE OF REMOVAL

22.    Pursuant to Rule 101(b) of the Local Civil Rules, Teleflex verifies that the following exhibits filed herewith constitute true and correct copies of all records and pleadings filed in the state court proceeding to date:

a. Complaint (attached as **Exhibit A**);

b. Declaration of Service (attached as **Exhibit B**);

NOTICE OF REMOVAL - 6 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

c.  Summons (attached as **Exhibit C**);

d.  Case Assignment Area Designation and Case Information Cover Sheet (attached as **Exhibit D**);

e.  Case Information Cover Sheet and Area Designation (attached as **Exhibit E**);

f.  Order Setting Civil Case Schedule (attached as **Exhibit F**);

g.  Docket Sheet (attached as **Exhibit G**);

h.  Notice of Filing of Notice of Removal (attached as **Exhibit H**);

i.  Notice of Appearance of James R. Morrison (attached as **Exhibit I**);

j.  Notice of Appearance of Logan F. Peppin (attached as **Exhibit J**); and

k.  Certificate of Service Listing All Counsel of Record (attached as **Exhibit K**).

## IV.   CONCLUSION

For the reasons stated above, Teleflex hereby removes this lawsuit to this Court. This Court has jurisdiction over this action, and it should be entered on the docket for further proceedings as though this action had been originally instituted in this Court.

DATED this 25th day of February, 2022.

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ James R. Morrison*
James R. Morrison, WSBA No. 43043
Logan F. Peppin, WSBA No. 55704
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: (206) 332-1380
Fax: (206) 624-7317
jmorrison@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendant Teleflex LLC*

NOTICE OF REMOVAL - 7 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey L. Taren, WSBA #50275
MacDonald Hoague & Bayless
705 2nd Av Suite 1500
Seattle, WA 98104
Tel: (206) 694-1638
JeffreyT@mhb.com

*Attorneys for Plaintiff*

                                        s/ DeAnne Adams
                                        DeAnne Adams

NOTICE OF REMOVAL - 8 -

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380