THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON TARBET, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TELEFLEX, LLC., a foreign corporation,<br><br>　　　　　Defendant. | Case No. 2-22-cv-00220<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES** |

Defendant Teleflex LLC ("Teleflex"), by and through its undersigned attorneys, hereby answers Plaintiff Shannon Tarbet ("Mr. Tarbet")'s complaint ("Complaint") for damages, and asserts the affirmative defenses stated herein. Except to the extent expressly admitted below, Teleflex denies each and every allegation asserted in the Complaint.

## I. INTRODUCTION

1.　Plaintiff Shannon Tarbet was one of the top selling employees nationwide of Teleflex, LLC, a global provider of medical technology devices. When her manager Gered Doherty transferred to the East Coast in early 2020, Ms. Tarbet applied and was interviewed for the supervisory position. She did not get the position despite being more qualified than the other candidates. Instead, the Defendant hired Keith Irby, a misogynistic male managerial employee who from the start of his employment, treated his female reports with contempt and disdain. He

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT - 1 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

disregarded their input. He verbally abused them. He made derogatory remarks. And he placed Plaintiff on a Performance Improvement Plan (PIP) threatening to terminate her employment. This, even though the Plaintiffs job performance was far better than most all of her male counterparts.

**ANSWER:** Teleflex admits it is a global provider of medical technology devices. Teleflex admits that when Ms. Tarbet's manager Gered Doherty transferred to the East Coast in early 2020, Ms. Tarbet applied and was interviewed for the position of Regional Sales Manager for the Northwest Region. Teleflex admits Ms. Tarbet was not hired for that supervisory position. Teleflex admits Keith Irby was hired as the Regional Sales Manager for the Northwest Region. Teleflex admits that Ms. Tarbet was placed on a Performance Improvement Plan. Teleflex denies all remaining allegations in Paragraph 1.

2. Plaintiff and others complained to Human Resources about Mr. Irby's treatment of Ms. Tarbet and of other women. While the Defendant purported to conduct an investigation, it failed to take any effective action to remedy Mr. Irby's discriminatory conduct. After complaining about Irby's discriminatory conduct, Plaintiff was retaliated against by Irby and placed on a PIP. Under threat of termination and in the face of Defendant's unwillingness to remedy the hostile environment based upon gender that Mr. Irby created, the Plaintiff had no choice but to terminate her employment.

**ANSWER:** Teleflex admits Ms. Tarbet complained to Human Resources about Mr. Irby's alleged treatment of Ms. Tarbet and of other women. Teleflex admits that Ms. Tarbet was placed on a PIP and she chose to terminate her employment. Teleflex denies the remaining allegations in paragraph 2.

3. This is an action under the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq., for discrimination based on sex (female) as well as for unlawful retaliation.

**ANSWER:** Teleflex admits Ms. Tarbet has brought suit against Teleflex for alleged violations of the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq., for

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 2 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

discrimination based on sex (female) as well as for alleged unlawful retaliation. Teleflex denies the remaining allegations in paragraph 3.

## II.   PARTIES, JURISDICTION, AND VENUE

4.   Plaintiff Shannon Tarbet is a 52-year-old woman who resides in Woodinville, Washington.

**ANSWER:** Teleflex lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.   Defendant Teleflex, LLC is a Delaware corporation registered and doing business within the State of Washington and the County of King. Teleflex has its headquarters located at 3015 Carrington Mill Blvd., Morrisville, NC 27560.

**ANSWER:** Teleflex admits the allegations in paragraph 5.

6.   At all relevant times, Plaintiff was an employee of Defendant as defined by RCW 49.60. Plaintiff performed her job within the State of Washington.

**ANSWER:** Teleflex admits Ms. Tarbet was an employee of Teleflex. To the extent the remaining allegations in the first sentence of paragraph 6 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex admits that RCW 49.60 speaks for itself but denies any violation of RCW 49.60. Teleflex denies the remaining allegations in the first sentence of paragraph 6. Teleflex admits the allegations in the second sentence of paragraph 6.

7.   This Court has jurisdiction over Plaintiffs claims pursuant to RCW 2.08.010 because Plaintiff requests legal relief exceeding $300.00.

**ANSWER:** Teleflex admits the United States District Court for the Western District of Washington has jurisdiction over Ms. Tarbet's claims. To the extent the rest of paragraph 7 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex denies the remaining allegations in paragraph 7.

8.   Venue is proper pursuant to RCW 4.12.025 because Defendant transacts business in King County, and employed Plaintiff in King County, Washington.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT - 3 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**ANSWER:** Teleflex admits venue is proper, Teleflex transacts business in King County, Washington, and Teleflex employed Ms. Tarbet in King County, Washington. To the extent the rest of paragraph 8 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex denies the remaining allegations in paragraph 8.

### III.   THE APPLICABLE STATUTES

9.   RCW 49.60.030 - Freedom from Discrimination- Declaration of Civil Rights

(1)   The right to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(a)   The right to obtain and hold employment without discrimination;

**ANSWER:** To the extent paragraph 9 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex admits RCW 49.60.030 speaks for itself but denies that paragraph 9 fully quotes RCW 49.60.030 and denies that Teleflex has violated RCW 49.60.030 or its applicability. Teleflex denies the remaining allegations in paragraph 9.

10.   RCW 49.60.180- Unfair Practices of Employers

It is an unfair practice for any employer:

(2)   To discharge or bar any person from employment because of ... sex,... .

(3)   To discriminate against any person in compensation or in other terms or conditions of employment because of ... sex, ...

**ANSWER:** To the extent paragraph 10 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex admits RCW 49.60.180 speaks for itself but denies that paragraph 10 fully quotes RCW 49.60.180 and denies that Teleflex has violated RCW 49.60.180 or its applicability. Teleflex denies the remaining allegations in paragraph 10.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT - 4 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## IV. FACTUAL ALLEGATIONS

11. On or about October 17, 2017, Plaintiff was hired by Defendant Teleflex as a Sales Representative responsible for the State of Washington and the Pacific Northwest territory. In 2019, she was promoted to Senior Sales Representative.

**ANSWER:** Teleflex admits the allegations in paragraph 11.

12. At the time of her hire, Plaintiff was a highly experienced Sales Representative within the medical device field.

**ANSWER:** Teleflex admits Ms. Tarbet had experience in the medical device field at the time she was hired. Teleflex denies the remaining allegations in paragraph 12.

13. Between November 2017 and November of 2021, Plaintiff performed her job at a high level of competency. Until February or March of 2020, Ms. Tarbet reported to Regional Manager Gered Doherty. Mr. Doherty consistently gave Ms. Tarbet top performance reviews.

**ANSWER:** Teleflex admits that between November 2017 and December 2019, Ms. Tarbet reported to Regional Manager Gered Doherty. Teleflex denies the remaining allegations in paragraph 13.

14. Through November of 2021, Plaintiff ranked #12 out of 85 Sales Representatives nationwide and ranked #1 on her sales team. At the time of her constructive termination, in November of 2021, she had already achieved 111 % of her sales quota for the year.

**ANSWER:** Teleflex denies the allegations in paragraph 14.

15. In the beginning of 2020, the Plaintiff's direct manager, Gered Doherty, transferred to the East Coast. Plaintiff applied to be promoted to Mr. Doherty's position but was not hired even though she was the most qualified applicant for the position.

**ANSWER:** Teleflex admits the allegations in the first sentence of paragraph 15. Teleflex admits Ms. Tarbet applied for Mr. Doherty's position and was not hired. Teleflex denies the remaining allegations in the second sentence of paragraph 15.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 5 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

16. Instead, the Defendant hired a male applicant, Mr. Keith Irby, to manage the Plaintiff's Sales Team. In addition to herself, the Team consisted of four male Sales Representatives - Dan Farrell, Peter Nelson, Nick Dipadova and Terrence Sullivan - and one other female sales representative, Caley Crouse Higgins.

**ANSWER:** Teleflex admits that it hired a male applicant, Mr. Keith Irby, as Regional Sales Manager for the Northwest Region. Teleflex admits that, at times during her employment, the Northwest Region consisted of four male Sales Representatives – Dan Farrell, Peter Nelson, Nick Dipadova and Terrence Sullivan – and one other female sales representative, Caley Crouse Higgins. Teleflex denies the remaining allegations in paragraph 16.

17. From the start of his employment as Plaintiff's manager, Irby treated the female Sales Representatives with contempt and disdain in contrast to his treatment of the four male Sales Representatives. Plaintiff's male colleagues told her that she seemed to be Irby's "punching bag" and that it was clear she was "not the teacher's pet."

**ANSWER:** Teleflex denies the allegations in the first sentence of paragraph 17. Teleflex lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 17 and therefore denies them.

18. At virtual meetings, Irby regularly ignored or was critical of Plaintiffs suggestions while listening to or embracing suggestions made by the male Sales Representatives.

**ANSWER:** Teleflex denies the allegations in paragraph 18.

19. Irby repeatedly talked over Ms. Tarbet in meetings.

**ANSWER:** Teleflex denies the allegations in paragraph 19.

20. Irby's tone of voice with Plaintiff was often dismissive or patronizing.

**ANSWER:** Teleflex denies the allegations in paragraph 20.

21. During a telephone conversation with Plaintiff to discuss her Performance Review, Irby yelled over the telephone at Ms. Tarbet as though she was a child.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT - 6 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**ANSWER:** Teleflex admits Mr. Irby and Human Resource Generalist Ary Wilmes had a telephone conversation with Ms. Tarbet to discuss her Performance Review. Teleflex denies the remaining allegations in paragraph 21.

22. During a lunch meeting at a Panera's in the Seattle area to discuss Sales Force programs, Irby blew up at Plaintiff, raising his voice in a public area, demanding that she decide whether she wants his help or not.

**ANSWER:** Teleflex admits Mr. Irby and Ms. Tarbet had a meeting at a Panera's in the Seattle area. Teleflex denies the remaining allegations in paragraph 22.

23. Irby did not treat the male Sales Representatives in a similar manner.

**ANSWER:** Teleflex denies the allegations in paragraph 23.

24. Plaintiff made her first complaint to Defendant's Human Resources office after his explosive behavior at Panera's. Plaintiff made it clear to HR that Irby was discriminating against her because of her gender.

**ANSWER:** Teleflex admits Ms. Tarbet complained to Ms. Wilmes about her perceived gender discrimination by Mr. Irby. Teleflex denies the remaining allegations in paragraph 24.

25. In response to her complaint, Defendant's HR Department spoke with Plaintiffs colleagues, Irby's supervisor and Plaintiffs former manager, Gered Doherty. Upon information and belief, one or more of Plaintiffs colleagues informed Defendant that Irby treated Plaintiff differently than he treated the male employees.

**ANSWER:** Teleflex admits Ms. Wilmes conducted an investigation into Ms. Tarbet's complaint and as part of the investigation, Ms. Wilmes spoke to Ms. Tarbet's colleagues. Teleflex denies the remaining allegations in paragraph 25.

26. At least one other female employee complained to HR and to Shane Carlson about Irby's discriminatory treatment of women.

**ANSWER:** Teleflex denies the allegations in paragraph 26.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 7 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

27. Rather than taking any effective action to remedy Irby's abusive behavior to women, in late August of 2021 the Defendant's HR Representative merely met with Plaintiff and Irby and informed both employees that they should create a more collaborative working environment. Defendant did nothing in response to the other complaints.

**ANSWER:** Teleflex admits Ms. Wilmes in Human Resources had a meeting with Ms. Tarbet and Mr. Irby to discuss Ms. Tarbet's concerns in September 2021. Teleflex admits that during the meeting, Ms. Wilmes encouraged Mr. Irby and Ms. Tarbet to have, in essence, a collaborative working environment. Teleflex denies the remaining allegations in paragraph 27.

28. Irby responded to the internal complaints filed against him by intensifying his abusive and discriminatory treatment of his female subordinates.

**ANSWER:** Teleflex denies the allegations in paragraph 28.

29. Irby began to monitor Plaintiff's work performance more strictly than he did that of the male employees even though Plaintiff's sales numbers exceeded that of her male colleagues.

**ANSWER:** Teleflex denies the allegations in paragraph 29.

30. When it came time for her yearly performance review, Irby trashed Plaintiff's performance and placed her on a Performance Improvement Plan (PIP), criticizing her sales related to a specific product, called Manta. The PIP placed Plaintiff on notice that her job was in jeopardy, and she could be terminated if the PIP was not successfully completed within sixty (60) days.

**ANSWER:** Teleflex admits that Ms. Tarbet was placed on a PIP due to her failure to improve her job performance. Teleflex admits that Mr. Irby criticized Ms. Tarbet's sales related to a specific product called Manta. The PIP speaks for itself and Teleflex denies the allegations in the second sentence in paragraph 30 to the extent they conflict with the language of the PIP. Teleflex denies the remaining allegations in paragraph 30.

31. The writing was on the wall for the Plaintiff. Rather than waiting to be fired, Plaintiff left the job that she had loved and where she had flourished prior to Irby's employment

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT - 8 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

and took a job with a small Medical Specialties company with less than 30 employees, making substantially less income than she made at Teleflex.

**ANSWER:** Teleflex admits that Plaintiff voluntarily terminated her employment. Teleflex lacks knowledge sufficient to form a belief as to the truth of the allegation that Ms. Tarbet "took a job with a small Medical Specialties company with less than 30 employees, making substantially less income than she made at Teleflex" and therefore denies those allegations. Teleflex denies the remaining allegations in paragraph 31.

32. As a result of the Defendant's discriminatory conduct, Plaintiff has suffered substantial economic loss including lost wages, commissions, and benefits.

**ANSWER:** Teleflex denies the allegations in in paragraph 32.

33. As a result of the Defendant's discriminatory conduct Plaintiff has suffered severe and extreme emotional injury damages.

**ANSWER:** Teleflex denies the allegations in in paragraph 33.

V.  **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF - VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION - DISCRIMINATION ON THE BASIS OF SEX- HOSTILE WORK ENVIRONMENT BASED UPON SEX**

34. The above actions of the Defendant created a hostile work environment based upon sex in violations of the Washington Law Against Discrimination, RCW 49.60 *et seq.*

**ANSWER:** To the extent paragraph 34 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex states RCW 49.60 speaks for itself. Teleflex denies the remaining allegations in paragraph 34.

**SECOND CLAIM FOR RELIEF -VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION -DISCRIMINATION ON THE BASIS OF SEX- TERMINATION OF EMPLOYMENT BASED UPON SEX**

35. The Plaintiffs sex was a substantial factor in the Defendant's adverse treatment of Plaintiff which constituted a constructive termination of her employment in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.*

**ANSWER:** To the extent paragraph 35 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex states RCW 49.60 speaks for itself. Teleflex denies the remaining allegations in paragraph 35.

**THIRD CLAIM FOR RELIEF-VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION -UNLAWFUL RETALIATION FOR COMPLAINING ABOUT PROTECTED ACTIVITIES**

36. The above alleged actions of Defendant constitute violations of the Washington Law Against Discrimination, RCW 49.60 *et seq*., for unlawful retaliation. Plaintiff's complaints about discriminatory treatment by Keith Irby were a substantial factor in her constructive termination of employment.

**ANSWER:** To the extent paragraph 36 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex states RCW 49.60 speaks for itself. Teleflex denies the remaining allegations in paragraph 36.

**FOURTH CLAIM FOR RELIEF -VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION -DISCRIMINATION ON THE BASIS OF SEX- FAILURE TO PROMOTE**

37. The Plaintiffs sex was a substantial factor in the Defendant's failure to promote the Plaintiff in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq*.

**ANSWER:** To the extent paragraph 37 states a legal conclusion, no answer is required. To the extent an answer is required, Teleflex states RCW 49.60 speaks for itself. Teleflex denies the remaining allegations in paragraph 37.

## VI. REQUEST FOR RELIEF

1. Teleflex denies that Ms. Tarbet is entitled to any relief.

## VII. AFFIRMATIVE DEFENSES

Teleflex asserts the following affirmative defenses:

1. The Complaint fails to state facts sufficient to constitute a cause of action against Teleflex.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 10 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

2.     Ms. Tarbet's claims are barred, in whole or in part, by Ms. Tarbet's failure to mitigate her alleged damages.

3.     Ms. Tarbet suffered no damages as a result of any act or omission by Teleflex.

4.     Ms. Tarbet's claims are barred by the doctrines of estoppel, waiver, unclean hands, or other equitable doctrines.

5.     Ms. Tarbet's claims are barred, in whole or in part, because Teleflex had legitimate, non-discriminatory reasons for its actions.

6.     Teleflex reserves its right to amend or supplement this Answer with additional affirmative defenses.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Teleflex prays for relief as follows:

1. That the Complaint be dismissed with prejudice;

2. That Ms. Tarbet take nothing by way of the Complaint;

3. That Ms. Tarbet's prayer for relief is denied;

4. That judgment be entered in favor of Teleflex and against Ms. Tarbet;

5. For costs of suit incurred herein, including attorney fees and expenses; and

6. For such other and further relief as the Court deems just and proper.

DATED this 4th day of March, 2022.

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ James R. Morrison*
James R. Morrison, WSBA No. 43043
Logan F. Peppin, WSBA No. 55704
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: (206) 332-1380
Fax: (206) 624-7317
jmorrison@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendant Teleflex LLC*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 11 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey L. Taren, WSBA No. 50275
MacDonald Hoague & Bayless
705 2nd Ave Suite 1500
Seattle, WA 98104
Tel: 206-694-1638
JeffreyT@mhb.com

*Attorney for Plaintiff*

*s/ DeAnne Adams*
DeAnne Adams

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - 12 -
(CASE NO. 2-22-CV-00220)

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380